UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| DEBRA DUNN, | ) | |
| | ) | |
| Plaintiff, | ) | 1:12-CV-252 |
| | ) | |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| CHATTANOOGA PUBLISHING COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## **M E M O R A N D U M**

Before the Court is Defendant Chattanooga Publishing Company's ("Defendant") partial motion to dismiss for failure to state a claim (Court File No. 6). Plaintiff Debra Dunn ("Plaintiff") responded to Defendant's motion (Court File No. 12) and Defendant replied to her response (Court File No. 14). For the following reasons, the Court **GRANTS** Defendant's partial motion to dismiss (Court File No. 6).

## I. RELEVANT FACTS

On September 17, 2010, Plaintiff began working as a full-time Administrative Assistant to Defendant's Chief Financial Officer, Russell Lively ("Lively") (Court File No. 1, Comp.). In Spring 2011, Plaintiff was diagnosed with cancer and continued working on a flex schedule. On August 18, 2011, Plaintiff informed Defendant she would require surgery in September 2011, after she would have been employed for one year, and would need to take medical leave at that time. Thirty minutes later, Lively told Plaintiff he was expecting a promotion and would need an assistant who could work full time. Because of her planned medical leave, Lively terminated Plaintiff.

Plaintiff then filed a charge of discrimination with the EEOC, which issued her a Notice of Right to Sue. She filed a complaint alleging violations of the Tennessee Disability Act, Tenn. Code

Ann. § 8-50-103, the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 601, *et. seq.* Defendant filed the instant motion seeking dismissal of Plaintiff's FMLA claim (Court File No. 6).

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion should be granted when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998). For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer*, *Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). The same deference does not extend to bare assertions of legal conclusions, however, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility as explained by the Court "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550

U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Defendant argues Plaintiff's claim under the FMLA must be dismissed because she was not an "eligible employee" as defined by statute. Among other things, the FMLA requires an employee be employed for twelve months before she is eligible for FMLA leave. The only question before the Court is purely legal: whether under the FMLA a pre-eligibility employee may nonetheless make a valid FMLA claim where she notified her employer of planned post-eligibility leave. Defendant cites two of the Court's previous decisions based on similar facts answering that question in the negative: *Wilkes v. T-Mobile*, No. 1:09-CV-329, 2011 WL 1113397 (E.D. Tenn. Mar. 24, 2011); *Wright v. Marshal Mize Ford, Inc.*, No. 1:09-CV-139, 2010 WL 3843780 (E.D. Tenn. Sept. 27, 2010). Plaintiff does not dispute she fails to qualify as an eligible employee, but argues the Court should reconsider its previous legal conclusion in light of *Pereda v. Brookdale Senior Living Communities, Inc.*, 666 F.3d 1269 (11th Cir. 2012), an Eleventh Circuit case decided since the Court last had cause to consider this issue. For the following reasons, the Court will not do so, and will grant Defendant's motion.

As discussed in *Wilkes* and *Wright*, the FMLA provides eligible employees with up to twelve weeks of leave per twelve month period due to a number of health or family events, including "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). An "eligible employee" is defined as an employee who has been employed "for at least 12 months" and "for at least 1,250 hours of service" by the employer

3

with respect to whom the leave is requested. 29 U.S.C. § 2611(2)(A). The Court of Appeals for the Sixth Circuit acknowledges two theories of recovery under the FMLA. *Edgar v. JAC Products, Inc.*, 443 F.3d 501, 507-08 (6th Cir. 2006). The "entitlement" or "interference" theory recognizes employers may not "interfere with, restrain, or deny the exercise or attempt to exercise any right provided" by the FMLA. 29 U.S.C. § 2615(a)(1). The "retaliation" or "discrimination" theory arises from the provision making it "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2).

To prevail on an interference claim, a plaintiff must show Defendants interfered with a FMLA right to medical leave or to reinstatement following FMLA leave. *Arban v. West Pub. Corp.*, 345 F.3d 390, 401 (6th Cir. 2003). Plaintiff must show: "(1) she was an eligible employee, (2) the defendant was an employer as defined under the FMLA, (3) she was entitled to leave under the FMLA, (4) she gave the employer notice of her intention to take leave, and (5) the employer denied the employee FMLA benefits to which she was entitled." *Edgar*, 443 F.3d at 507. Under the retaliation theory, Plaintiff must establish she: (1) engaged in a statutorily protected activity, (2) she suffered an adverse employment action, and (3) there was a causal connection between the exercise of her rights under the FMLA and the adverse employment action. *Id.* (citing *Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 314 (6th Cir. 2001)).

Plaintiff undisputedly worked for Defendants for less than twelve months and is not within the statutory definition of an eligible employee. In *Wilkes* and *Wright*, the Court held recovery under either the interference or retaliation theories is limited to "eligible employees," rejecting the argument an ineligible employee could recover for interference with or discrimination for

4

anticipated post-eligibility leave. *Wilkes*, 2011 WL 1113397, at *9 (denying claim of an eleven-month employee who expected giving birth after she would become eligible); *Wright*, 2010 WL 3843780, at * 7 (denying claim of an eleven-month employee who anticipated having surgery and requiring medical leave after he would become eligible). In so holding, the Court followed the controlling authority of Sixth Circuit decisions, which, although not addressing this precise issue, hold that ineligible employees are barred from making FMLA claims. *See, e.g.*, *Staunch v. Cont'l Airlines, Inc.*, 511 F.3d 625, 629-31 (6th Cir. 2008) (finding Plaintiff's FMLA claims fail as a matter of law where employer established the plaintiff worked less than the requisite 1,250 hours preceding her request for FMLA leave); *see also Davis v. Mich. Bell Tel.* Co., 543 F.3d 345, 354 (6th Cir. 2008) ("To the extent that [the plaintiff] is claiming that she was terminated because of her attempt to obtain FMLA leave in January of 2005, her claim must fail as a matter of law because she was not eligible for FMLA benefits"); *Humenny v. Genex Corp., Inc.*, 390 F.3d 901, 905-06 (6th Cir. 2004) ("[I]n an FMLA retaliation case . . . if the plaintiff does not qualify as an 'eligible employee,' the plaintiff does not state a claim for relief under the FMLA."); *Stimpson v. United Parcel Serv.*, 351 F. App'x 42, 45 (6th Cir. 2009) ("The FMLA thus makes clear that only 'eligible employees' may recover under the statute.").

      Under Sixth Circuit and this court's precedent, Plaintiff's FMLA claim must be dismissed because she never qualified as an "eligible employee." The Eleventh Circuit, however, recently concluded a pre-eligibility employee who notifies her employer of expected post-eligibility medical leave is entitled to FMLA protection. *See Pereda*, 666 F.3d at 1274. In *Pereda*, the plaintiff worked at a senior living facility for eleven months before her termination. After working for the facility for several months, the plaintiff became pregnant. She was fired when she informed her employer

she would require medical leave in a number of months, when she would have been eligible for FMLA leave. Being one month shy of the minimum tenure required to secure eligibility under the FMLA, the district court dismissed her interference claim reasoning she was not an eligible employee. The district court also held the plaintiff's claim failed because her triggering event, the expected birth of her child, had not yet occurred. Because FMLA protection for childbirth only attaches after the child is born, the district court concluded there was no FMLA protection with which the employer could interfere. The district court also concluded the plaintiff failed to establish a retaliation claim because an ineligible employee could not participate in statutorily protected activity.

The Eleventh Circuit reversed. The court noted the FMLA requires an employee seeking leave under the Act to first provide her employer thirty days notice of leave for a foreseeable birth or the placement of a foster child in the employee's care.[1] *Pereda*, 666 F.3d at 1274 (citing 29 U.S.C. § 2612(e)(1)). The court concluded that applying the notice requirement while simultaneously withholding protection to pre-eligible employees seeking post-eligibility leave creates a hole of protection incompatible with the purposes of the FMLA. The Eleventh Circuit also pointed to Department of Labor regulations, which require "a determination as to FMLA eligibility be made 'as of the date the FMLA leave is to start.'" 666 F.3d at 1274 (quoting 29 C.F.R. § 825.110(d)). Further, the court noted, the reference to "employee" rather than "eligible employee" in the statute's notice requirement, 29 U.S.C. § 2612(e)(1), is a recognition that some ineligible employees will be required to notify employers of expected post-eligibility leave. Because the court concluded the employee was protected under the interference theory, it also concluded asserting

---

[1] Although not relevant in *Pereda*, employees anticipating medical leave must also provide notice to their employers. 29 U.S.C. § 2612(e)(2).

6

post-eligibility FMLA rights was statutorily protected activity under a retaliation theory. Thus the court concluded a pre-eligibility employee notifying an employer of post-eligibility leave is entitled to protection from both interference and retaliation under the FMLA.

Plaintiff urges the Court to reverse course and adopt the Eleventh Circuit's view. The Court must reject Plaintiff's argument. As an initial matter, the Court notes, beyond an intervening Eleventh Circuit opinion, nothing has changed between the Court's decisions in *Wilkes* and *Wright* and the instant case. The Court's application of the statute in those cases was not concocted in a vacuum, but was based on binding Sixth Circuit precedent. The Court will not ignore that precedent, which itself has not changed, in favor of another circuit's more specific decision. The Court concedes that the interpretation of the statute the Court established in *Wilkes* and *Wright* leaves a small class of employees without the FMLA's protection. However, Congress intended to omit certain employees from protection. Among those omitted were employees who have been employed for less than one year. The Court cannot itself alter the statute and expand its protections to such employees. The Court defers to binding Sixth Circuit precedent, and declines to reach a different conclusion in light of *Pereda*.

Moreover, it is not clear the regulation cited in *Pereda* is controlling in this case.[2] The full subsection cited by the Eleventh Circuit states,

---

[2] Plaintiff does not provide significantly detailed argument on this point, but she contends the Court should defer to the Department of Labor's interpretation of "eligible employee" pursuant to *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984). If the Court were to do so here, Plaintiff argues, it would compute eligibility from the "date the FMLA leave is to start," which would render Plaintiff an eligible employee in this case. *See* 29 C.F.R. § 825.110(d). Because the Court concludes the regulation does not compel the conclusion Plaintiff draws, it need not consider whether to defer under *Chevron*.

7

Case 1:12-cv-00252   Document 15   Filed 01/14/13   Page 7 of 11   PageID #: 62

> The determination of whether an employee has worked for the employer for at least 1,250 hours in the past 12 months and has been employed by the employer for a total of at least 12 months must be made as of the date the FMLA leave is to start. An employee may be on "non–FMLA leave" at the time he or she meets the eligibility requirements, and in that event, any portion of the leave taken for an FMLA–qualifying reason after the employee meets the eligibility requirement would be "FMLA leave."

29 C.F.R. § 825.110(d). The Sixth Circuit has considered a prior and similar iteration of this section and interpreted it to mean an employer may not terminate an employee after he takes FMLA leave on the theory his eligibility lapses during his time off; for example, because he has no longer worked for 1,250 hours in the past twelve months. *See Butler v. Owens-Brockway Plastics Products, Inc.*, 199 F.3d 314, 316 (6th Cir. 1999) (analyzing 29 C.F.R. § 825.110 (1999) ("The determinations of whether an employee has worked for the employer for at least 1,250 hours in the past 12 months . . . must be made as of the date leave commences.")). That is, the employee need only be eligible when he begins his leave, rather than maintaining eligibility throughout his leave. Plaintiff here, however, was never an eligible employee.

Section 825.110(d) also distinguishes between FMLA and non-FMLA leave when an employee becomes eligible in the middle of taking leave. Indeed, the regulation reinforces that any leave taken before an employee has worked for his employer at least twelve months is non-FMLA leave because the employee has yet to meet the eligibility requirements. Section 825.110(d), then, merely tells the Court what it already knew: an employee will be eligible to take FMLA leave when he meets the eligibility requirements. Plaintiff, however, never met the eligibility requirements. Sixth Circuit precedent makes clear "[w]here a plaintiff does not qualify as an 'eligible employee,' the court lacks jurisdiction to decide the FMLA case." *Humenny*, 390 F.3d at 904. Plaintiff does not dispute she never qualified as an eligible employee. The Court therefore lacks jurisdiction to decide

8

her FMLA claim.

Plaintiff also points to a First Circuit case, in which the court concluded the term "employee" as used in the FMLA is ambiguous and deferred to the Department of Labor's interpretation. *Duckworth v. Pratt & Whitney, Inc.*, 152 F.3d 1 (1st Cir. 1998). *Duckworth* involved a former employee who brought an FMLA claim after his former employer refused to rehire him. He based his FMLA claim on previous FMLA leave taken when he was an eligible employee. The court concluded "employee" in 29 U.S.C. § 2617(a)(2), which creates a private right of action, was ambiguous and deferred to the Department of Labor's interpretation prohibiting employers from taking adverse actions in hiring. *See* 29 C.F.R. § 825.220(c). Because the FMLA protects against hiring retaliation, the court concluded, it must not solely apply to current employees, but must extend to former and prospective employees as well.

However, *Duckworth* was distinguished by the Sixth Circuit in *Humenny*, 390 F.3d at 905. In *Humenny*, the plaintiff did not qualify as an eligible employee because her office employed too few employees. She argued, citing *Duckworth*, she should be entitled to bring an FMLA retaliation case regardless of her eligibility if she was fired for asserting FMLA rights. The Sixth Circuit rejected her argument, noting *Duckworth* and a similar Eleventh Circuit case

> held only that a former employee may state a claim for retaliation where the former employer refuses to re-hire the employee for exercising FMLA leave rights while employed. In both cases, the plaintiffs qualified as "eligible employees" at the time they took FMLA leave. Appellant in this case never qualified for FMLA leave.

390 F.3d at 905 (citations omitted). Plaintiff similarly never qualified for FMLA leave. At best, Plaintiff states a retaliation claim for her intention to take FMLA leave, which is a generally cognizable claim for eligible employees. *See Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 314 (6th Cir.2001) ("The right to actually take [FMLA] leave . . . includes the right to declare an

9

intention to take such leave in the future."). But as the Sixth Circuit and this court have repeatedly made clear, a prerequisite to asserting an FMLA claim is eligibility, even if an employer retaliates for asserted FMLA rights. *See Humenny*, 390 F.3d at 905. Plaintiff here fails that prerequisite and accordingly may not raise such a claim.

In *Humenny*, the Sixth Circuit also rejected an argument similar to the *Pereda* court's emphasis on the use of "employee" rather than "eligible employee" in 29 U.S.C. § 2612(e)(1). The plaintiff in *Humenny* argued the use of the words "employee" and "individual" in the FMLA's retaliation provisions, rather than "eligible employee," indicates the retaliation provisions were meant to protect more than just eligible employees. However, the court disagreed noting

> a close reading of the statute reveals that the retaliation provisions prohibit employers from retaliating based on the exercise of a "right" under the statute. The regulations provide similar protection by prohibiting retaliation based on the exercise of "any rights provided by the Act." 29 C.F.R. § 825.220(a)(1). Because Appellant is not an eligible employee, Appellant has never exercised or attempted to exercise any "rights" provided to her by the FMLA.

390 F.3d at 905. The Sixth Circuit, therefore, has concluded the use of the word "employee" rather than the phrase "eligible employee" in the FMLA is insufficient to expand the FMLA's protection beyond eligible employees. The Court will not ignore that determination here.

Based on Sixth Circuit precedent, as well as the Sixth Circuit's past handling of critical elements of *Pereda*'s analysis, the Court concludes it is bound to the same analysis underlying its decisions in *Wilkes* and *Wright*. Plaintiff in this case concedes she does not qualify as an eligible employee; thus, the Court lacks jurisdiction to decide her FMLA claim.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's partial motion to dismiss (Court File No. 6).

10

**An order shall enter.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**