UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| DEBRA DUNN, | ) | |
| | ) | |
| Plaintiff, | ) | 1:12-CV-252 |
| | ) | |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| CHATTANOOGA PUBLISHING COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## **M E M O R A N D U M**

Before the Court is Plaintiff Debra Dunn's ("Plaintiff") motion to certify an interlocutory appeal (Court File No. 17) of the Court's order dismissing her claim under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 601, *et. seq.* Defendant Chattanooga Publishing Company ("Defendant") opposes this motion (Court File No. 21). For the reasons discussed below, the Court will **DENY** Plaintiff's motion (Court File No. 17).

Plaintiff moves the Court, pursuant to 28 U.S.C. § 1292(b), to certify for appeal its order dismissing her FMLA claim (Court File No. 16). Plaintiff argues the question for appeal is purely legal: whether a pre-eligibility employee may make a valid FMLA claim where she notified her employer of planned post-eligibility leave. Plaintiff also argues, given the Eleventh Circuit's decision in *Pereda v. Brookdale Senior Living Communities, Inc.*, 666 F.3d 1269 (11th Cir. 2012) and the Court's understanding of conflicting Sixth Circuit precedent, substantial ground for a difference of opinion as to this issue exists. Finally, Plaintiff argues an appeal would increase the likelihood of settlement and avoid duplicative trial proceedings.

As a threshold matter, interlocutory appeals in the federal system are generally disfavored. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368 (1981); *Sinclair v. Schriber*, 834 F.2d 103,

105 (6th Cir. 1987). "Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule." *Caterpillar v. Lewis*, 519 U.S. 61, 74 (1996). Exceptions to the final judgment rule, embodied in 28 U.S.C. § 1291, exist, but typically require exceptional circumstances. *W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis (In re City of Memphis)*, 293 F.3d 345, 350 (6th Cir. 2002). The party seeking an interlocutory appeal has the burden of showing exceptional circumstances exist warranting an interlocutory appeal. *Coming Up v. City & Cnty. of San Francisco*, 857 F. Supp. 711, 718 (N.D. Cal. 1994). "Attractive as it may be to refer difficult matters to a higher court for an advance decision, such a course of action is contrary to our system of jurisprudence." *Trollinger v. Tyson Foods, Inc.*, No. 4:02-CV-23, 2006 WL 2868980, at *3 (E.D. Tenn. Sept. 29, 2006) (citing *Gen. Acquisition, Inc. v. GenCorp,* 23 F.3d 1022, 1026 (6th Cir. 1994)).

Three criteria must be satisfied to warrant the extraordinary and disfavored relief of an interlocutory appeal under § 1292(b). *In re City of Memphis*, 293 F.3d at 350. The question must involve a controlling issue of law; there must be a substantial ground for difference of opinion; and an immediate appeal may materially advance the ultimate termination of litigation. *Id.* As the Court concluded in its memorandum regarding Plaintiff's FMLA claim (Court File No. 15), the issue Plaintiff seeks to appeal is a purely legal issue. Plaintiff has therefore established the first criterion. Moreover, the Court concludes a substantial ground for difference of opinion exists. "To determine whether a substantial ground for difference of opinion exists, a court can consider whether (1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue." *Heineman v. Terra Enters., LLC*, 817 F. Supp. 2d

2

1049, 1065 (E.D. Tenn. 2011) (internal quotation marks omitted). As described in the Court's prior memorandum (Court File No. 15), the Eleventh Circuit's opinion in *Pereda* conflicts with the Court's understanding of Sixth Circuit precedent. Accordingly, Plaintiff has established a substantial ground for difference of opinion.

However, Plaintiff has not shown how an immediate appeal would materially advance the termination of litigation. Plaintiff argues "a significant impediment to settlement . . . will be removed" if the Court's order dismissing her claim were affirmed. Plaintiff further contends the facts underlying her remaining claims under the Tennessee Disability Act ("TDA"), Tenn. Code Ann. § 8-50-103, and the Americans with Disabilities Act ("ADA"), 42 U.S.C.§§ 12101, *et. seq.*, are "interwoven" with the facts underlying her dismissed FMLA claim and any post-appeal trial on her FMLA claims would be duplicative of the evidence presented at a trial of her ADA and TDA claims.[1]

"When litigation will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d at 351 (internal quotation marks omitted). However, an appeal may materially advance termination of the litigation if it "save[s] judicial resources and litigant expense." *W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1026 (W.D. Tenn. 2000). As Plaintiff concedes, her TDA and ADA claims are substantially related to her FMLA claim. Accordingly, litigation would be conducted in

---

[1] Plaintiff also argues, because the trial date in this case is set for February 2014, it is possible an appeal could be resolved prior to the commencement of trial. However, any estimation of the length of the appeals process is necessarily speculative. Moreover, even were the appeal to be decided prior to the trial date in this case, the Court finds it unlikely the parties would be immediately prepared for trial after participating in an appeal.

substantially the same manner regardless of the Sixth Circuit's disposition of her appeal. *See Estate of Hickman v. Berkley*, No. 3:09–CV–69, 2009 WL 3784967, at *5 (E.D. Tenn. Nov. 9, 2009) (concluding § 1292(b) certification was inappropriate where the plaintiff raised "a panoply of claims" covering "substantially the same territory" as a claim the plaintiff was precluded from raising and therefore the litigation would be conducted in substantially the same manner).

Moreover, trial in this case is expected to last less than one week. As the Sixth Circuit has observed, § 1292(b) certification is generally inappropriate when a case would only require a few days to try. *See Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974) (quoting *Kraus v. Bd. of Cnty. Rd. Comm'rs for Kent Cnty.*, 364 F.2d 919 (6th Cir. 1966) (denying leave to appeal as "[m]any months would be required before the case would be reached for argument . . . . If we grant the appeal and then should affirm the order of the district court . . . the case would be remanded to be decided on its merits . . . . On the other hand, it would appear that only a few days would be required for jury trial and final disposition of the case . . . [this is preferable and] would avoid a piecemeal appeal")); *Estate of Hickman*, 2009 WL 3784967, at *5-6 (citing *Cardwell*, 504 F.2d at 446). Certifying an appeal at this stage would not materially advance the litigation and would instead result in substantial delay.

Finally, with respect to Plaintiff's argument review of her FMLA claim on appeal would remove an obstacle to settlement, the Court initially notes it is unclear whether this is a proper consideration in the § 1292(b) context. *Compare Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012) (considering the prospect of settlement under the "materially advance" prong of § 1292(b) because "almost all class actions are settled rather than tried"), *and Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974) ("The district court's opinion about settlement

4

possibilities, about the potential length of a possibly avoidable trial, and similar maters, will in most cases, including this case, be at least as informed as that of a panel of this court."), *with Acosta v. Pace Local I-300 Health Fund*, Civ. No. 04-3885 (JAP), 2007 WL 1074093, at *3 (D.N.J. Apr. 9, 2007) ("The Court finds, however, that Third-Party Plaintiffs' speculation that an interlocutory appeal will facilitate settlement is insufficient to overcome the Third Circuit's general prohibition against piecemeal appellate review."), *Ashmore v. Ne. Petroleum Div. of Cargill, Inc.*, 855 F. Supp. 438, 440 n.3 (D. Me. 1994) (expressing doubt on the likelihood of settlement as a consideration under § 1292(b) and noting "[r]esolution of nearly any disputed issue of law will to a greater or lesser extent, make settlement more probable"), *and Piazza v. Major League Baseball*, 836 F. Supp. 269, 272 n.7 (E.D. Penn. 1993) ("Baseball stresses in its submissions that settlement will not be possible in the absence of certification, and that therefore certification will materially advance the ultimate termination of the litigation by making settlement possible. I reject this as a controlling contention for § 1292(b) certification in this case.").

Even considering Plaintiff's argument, however, the Court fails to see how a protracted appellate process will make settlement more likely in this case. Rather, the prospect of trial on Plaintiff's remaining claims should provide an incentive to settle. To the extent the parties cannot reach an agreement on those claims, it is unclear how a Sixth Circuit decision affirming the Court's conclusion Plaintiff is unable to state an FMLA claim would increase the likelihood the parties can reach an agreement. Were the Sixth Circuit to reverse the Court's order, Plaintiff has failed to demonstrate how an additional claim based on the same underlying facts would provide further incentive for Defendant to conclude settlement is in its best interest. Certifying the issue for appeal will do little more than increase the parties' litigation costs in this case. An increase in each party's

5

sunk cost may render the risk of trial more attractive than it would be without the added litigation expense. Plaintiff's contention regarding settlement is unsupported, and to the extent certification in this case would increase the likelihood of settlement, the Court concludes it is insufficient to overcome the general disfavor for interlocutory appeals.

Accordingly, the Court concludes certification under § 1292(b) is inappropriate for this case and will **DENY** Plaintiff's motion (Court File No. 17).

**An order shall enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**